IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JONATHAN ELLIS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-143

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnathan Ellis ("Ellis"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, or, in the alternative, a petition for writ of audita querela. Respondent filed a Motion to Dismiss, to which Ellis responded. For the reasons which follow, Respondent's Motion should be **GRANTED** and Ellis' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Ellis pleaded guilty in the Middle District of Alabama to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Ellis was sentenced to 57 months' imprisonment on the bank robbery count and to 84 months' imprisonment on the firearm count, to be served consecutively, for a total sentence of 141 months' imprisonment. As part of his plea agreement, Ellis waived his right to challenge his conviction and sentence in a post-conviction proceeding. (Doc. No. 7, p. 1). Ellis did not file a direct appeal.

Ellis filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Alabama. Ellis asserted that he was supposed to be given a five-year sentence on the firearm count or be given the chance to withdraw his plea. Ellis also asserted that the seven (7) year sentence he received on the firearm count was based on impermissible judicial fact finding, in violation of United States v. Booker, 543 U.S. 220 (2005). The Alabama court determined that Ellis knowingly and voluntarily waived his right to file an appeal or to collaterally attack his sentence and conviction in his plea agreement. That court also determined that Ellis' Booker claim had to be rejected based on Harris v. United States, 536 U.S. 545 (2002).

In this petition, Ellis contends that the United States Supreme Court's decision in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), overruled Harris and stated that any fact, other than a prior conviction which increases the mandatory minimum sentence for a crime, must be submitted to a jury rather than be a sentencing factor determined by the trial judge.[1] Ellis contends that Alleyne stands for the proposition that he is entitled to the vacatur of his conviction.

Respondent contends that Ellis waived his right to collaterally attack his sentence as part of his plea agreement. Respondent also contends that Ellis cannot meet the savings clause. Finally, Respondent contends that Ellis in not entitled to a writ of audita querela.

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

2

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner must receive permission from the appropriate court of appeals before he can file a second or successive § 2255 motion when the prisoner has filed a § 2255 motion on a previous occasion. 28 U.S.C. §§ 2244(b)(3) & 2255(h). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The United

3

States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (alteration in original) (quoting Wofford, 177 F.3d at 1244 (11th Cir. 1999). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (internal punctuation and citations omitted).

The Eleventh Circuit has "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (alterations in original). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

4

Id. "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Smith, 503 F. App'x at 765 (citation omitted).

Ellis correctly notes that the Supreme Court overruled its Harris decision in Alleyne. However, the Supreme Court did not declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013) (the Supreme Court did not expressly state that the new rule announced in Alleyne is retroactively applicable to cases on collateral review); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne has not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), which itself is not retroactive, which indicates that Alleyne will not be made retroactively applicable); United States v. Stewart, No. 13-6775, 2013 WL 397401, at *1 n.1 (Sept. 27, 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review); accord, In re Payne, ___ F.3d ___, 2013 WL 5200425, at * 1–2 (10th Cir. Sept. 17, 2013).

Ellis has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. In other words, Ellis has not satisfied the requirements of § 2255's savings clause. Williams, 713 F.3d at 1343. Because Ellis has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

5

Ellis cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ellis is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. Ellis is not entitled to relief pursuant to 42 U.S.C. § 2241.[2]

## II. Audita Querela

Ellis is not entitled to a writ of audita querela pursuant to 28 U.S.C. § 1651, the All Writs Act. The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "'[t]he All Writs Acts is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (quoting Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985)). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue *ad hoc* writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. (internal citation omitted). "Accordingly, common law writs, such as *coram nobis* and *audita querela*, survive only to the extent that they fill gaps in the system of federal post-conviction remedies." Id. (citing United States v. Holt, 417 F.3d

---

[2] The undersigned agrees with the analysis and discussion of United States Magistrate Judge Susan Walker, who concluded that Ellis was fully aware of the effect of the waiver provision in his plea agreement. (Doc. No. 7-5, pp. 7, 15). The undersigned need not discuss this portion of Respondent's Motion further.

AO 72A
(Rev. 8/82)

1172, 1175 (11th Cir. 2005) (holding that the common law "writ of *audita querala* may not be granted when relief is cognizable under § 2255".). "Moreover, the Act does not create any substantive federal jurisdiction; 'rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction.'" Id. (quoting In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006)). Because Ellis is in custody pursuant to the judgment of a federal court, his requested relief is cognizable under section 2255.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Ellis' petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of March, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)